### PEACE RIVER PHOSPHATE CO. v. EDWARDS.

(Circuit Court of Appeals, Fifth Circuit. November 26, 1895.)

#### No. 417.

1. CIRCUIT COURT OF APPEALS—PERFECTING OF APPEAL—CITATION.
   An appeal from the district court to the circuit court of appeals will be dismissed when no citation is sued out of either court.
2. SAME.
   The appeal will also be dismissed if no citation has been served on the appellee or his proctors, or either of them.
3. SAME—SUFFICIENCY OF BOND.
   An appeal and supersedeas bond is insufficient if conditioned to prosecute the appeal to effect, and answer all costs and damages "in the event the decree is affirmed," instead of "if it fails to make its plea good."

Appeal from the District Court of the United States for the Southern District of Florida.

Libel by Benjamin J. Edwards against the Peace River Phosphate Company. There was a decree in favor of libelant, and respondent appeals.

O. T. Standford and John H. Treadwell, for appellant.
Wm. C. Dufour, I. H. Trabue, and Gordon Graham, for appellee.

Before PARDEE and McCORMICK, Circuit Judges, and BOARMAN, District Judge.

PARDEE, Circuit Judge. On the 16th day of March, 1895, the district court for the Southern district of Florida, on a libel in admiralty, rendered a decree in personam in favor of Benjamin J. Edwards, and against the Peace River Phosphate Company, condemning the said company to pay to the said Edwards the sum of $960. Afterwards, on the 15th day of April, 1895, the said Peace River Phosphate Company filed in said court the following document:

"In the District Court of the United States, Southern District of Florida.
"Peace River Phosphate Company, a Corporation Organized under the Laws of the State of New York, Appellant, v. B. J. Edwards, Appellee.
"To Gordon Graham and Isaac H. Trabue, Proctors for the Appellee: You will please take notice that we have taken an appeal from the final decree herein rendered against the said appellant on the 16th day of March, 1895, to the circuit court of appeals to be holden in New Orleans, La., on the third Monday in November, A. D. 1895.
"Standford & Treadwell, Proctors for Appellant."

—And on the same day filed in the office of the clerk an assignment of errors. On the 25th day of April the said company filed in the

office of the said clerk a bond with sureties, purporting to be for an appeal and supersedeas, which bond is in the penal sum of $1,500, and in the ordinary form for an appeal, except the condition of the same, to wit:

"Now, therefore, the condition of this obligation is such that if the above-named principal, the Peace River Phosphate Company, shall prosecute its appeal to effect, and answer all damages and costs in the event said decree is affirmed, then this application is to be null and void, otherwise to remain in full force and effect."

What purports to be a transcript of the record was filed in this court July 20, 1895. On November 11, 1895, the proctors of Benjamin J. Edwards entered a special appearance in this court to move to dismiss the said pretended appeal, assigning the following reasons:

"First. Because no citation was sued out of the said district court, or out of this circuit court of appeals, by said appellant, the Peace River Phosphate Company. Second. Because no citation of said appeal has been served on appellee or his proctors, or either of them. Third. Because said appellant has given no sufficient supersedeas or appeal bond, in this: that the said bond given by the appellant is conditioned to prosecute this appeal to effect, and answer all cost and damage in the event said decree is affirmed, whereas the condition should be to prosecute the appeal to effect, and answer all damages and cost if it fails to make its plea good."

The above-mentioned grounds are each and all well taken. The transcript filed in this court (and above we have given all therein in relation to an appeal and supersedeas) does not show that one necessary step towards the taking and perfecting of an appeal has been taken, save only the filing in the court below of an assignment of errors. No appeal having been taken and perfected as required by law and the rules of this court, the cause is ordered stricken from the docket.